## CARTWRIGHT *v.* McMILLEN et al.

Where on a suspensive appeal taken by the plaintiff from a judgment rendered against him, the condition of the bond was, "that the appellant shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied out of the proceeds of the sale of his estate, if he be cast on the appeal, otherwise that the sureties shall be liable in his place," and the judgment on appeal merely decrees the appellant to be the slave of the appellee and gives the latter her costs, the sureties in the appeal bond cannot be made liable, in an action on the bond, in damages, for any injury sustained by the master from the loss of the services of the slave. The terms of the bond do not cover such a loss, and the liability of the surety cannot be extended. In such a case the judgment would be satisfied by delivering the slave and paying the costs; and the sureties cannot be made liable for the non-delivery of the slave, without having previously been put in default.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Preston*, for the appellant. *Reynolds*, *Van Matre* and *Randall* for the defendants. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff alleges that, in 1841, a judgment was rendered in his favor, in a suit brought by his slave *Lewis* against him for his freedom; that *Lewis* took a suspensive appeal, giving bond with *McMillen* and *Nichols*, as his sureties, in the sum of $1200; that, in 1844, the judgment was affirmed by the Supreme Court; that nevertheless the slave did not surrender himself in

CARTWRIGHT
v.
MCMILLEN.

execution of the judgment, and could not be found until 1846, when he was arrested and delivered to petitioner; that in consequence of *McMillen* and *Nichols* having become sureties in the appeal bond, and the said *Lewis* having been thereby enabled to absent himself, he has sustained damages to the amount of $1200, being the amount of the loss of the slave's services from 1841 to 1846, for which the defendants are liable *in solido*.

The suit is clearly upon the appeal bond, and the liability of the sureties must be tested by the terms of the bond. Its recital and condition are as follows: " Whereas the above bounden *Lewis*, a free negro man, has this day filed a petition of appeal from a final judgment rendered in favor of the defendant with costs in the suit of the said *Lewis* against *Jesse Cartwright*, in the first judicial District Court of the State of Louisiana, on the 21st day of June, 1841; now the condition of the above obligation is such, that the above bound *Lewis*, f. m. c. shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in the appeal; otherwise that the said *Duncan McMillen* and *Nathan Nichols*, sureties, shall be liable in his place." The guarantee given by the sureties was, that the judgment which might be rendered against the appellant should be satisfied. What was the judgment? It affirmed, with costs, the judgment rendered by the court below. It, therefore, finally decreed that *Lewis* was the slave of the appellee, *Cartwright*, and and gave costs.

A satisfaction of this judgment involved two things, and nothing more: 1st. That *Lewis* should surrender himself to his master as his slave. 2d. That the costs of the suit should be paid. The judgment merely ascertained a question of property; it did not determine what damages the owner had incidentally incurred by the litigation carried on against him by his slave. Take an analogous case: Suppose the slave *Lewis* had wrongfully been taken from *Cartwright* by a third person, that *Cartwright* should sue such person, and there should be judgment for *Cartwright*, decreeing him to be the owner of the slave. From this the defendant takes a suspensive appeal, and the judgment is affirmed. The sureties in such an appeal, upon a bond expressed as the present bond, would be considered as satisfying their bond by delivering the slave, and paying costs.

It is true, as argued by *Cartwright's* counsel, that the appeal arrested the execution of the judgment, and prevented him from enjoying the services of the slave; but the terms of the bond do not cover such a loss. We must take the obligation as it is, not as it might have been, or as the court might have ordered it to be made. The liability of the surety must not be extended.

Such being the extent of the obligation, the next question is, how it was to be enforced. We do not consider it necessary to say whether the creditor was bound to issue, and attempt to execute, a writ of possession, before he could reach the surety. Concede that a formal action by judicial process was not indispensable in a case of this sort, which is certainly peculiar, still we think *Cartwright* was bound to put the sureties in default, by calling upon them to put him in possession of his slave. It is not proved that this was done. We also remark that *Cartwright* took the matter into his own hands before the final action of the Supreme Court. He actually regained possession of the slave, who subsequently escaped from him, without the fault of the sureties.

The case might, perhaps, be considered as standing upon a different footing, as regards the costs which were adjudged by the Supreme Court. It might be

said that the sureties were directly liable for them, because *Lewis*, being a   CARTWRIGHT
slave, could have no property upon which the judgment could be executed, and   McMILLEN.
consequently that an execution for costs against the principal would have been a
vain formality. See *Alley* v. *Hawthorn*, 1 An. 122. Civil Code, 175. But it is un⸗
necessary to decide the point, as the costs of the former suit are not claimed,
nor proved in this.

We have considered this case with reference to the liability of the sureties
upon the appeal bond, which is the basis of the action. What would be the li-
ability of the parties upon the sequestration bond given in the case of *Lewis* v.
*Cartwright*, is a question not before us.

*Judgment affirmed.*